RALPH DAY *vs.* INHABITANTS OF THE COUNTY OF HAMPDEN.

The provision in *St.* 1846, *c.* 11, § 3, that when the keeper of a house of correction, which shall be united in one and the same building or establishment with the county jail, shall not be allowed, by the county commissioners, a reasonable sum for his services, and for the support of prisoners under his charge, he may petition the court of common pleas, and that said court may determine the amount of such allowance, applies as well to cases in which the jail and house of correction were united in one building before the statute took effect, as to those in which they were so united after it took effect.

A jail and house of correction were united in one building, several months before *St.* 1846, *c.* 11, was passed, and were under the charge of the deputy jailer, who was appointed by the sheriff: The county commissioners appointed a master of the house of correction, and went with him to the house, to put him in charge thereof, informed the deputy jailer of such appointment, and demanded the keys

of the house : The deputy jailer refused to give up the keys, without the direction of the sheriff, and afterwards had the charge of the building and of the prisoners committed to the house of correction, until after the said statute took effect. *Held,* that he was entitled to an allowance for his services as master of the house of correction, and for the expenses of the support of those prisoners, and that the court of common pleas were authorized to allow the same, after the county commissioners had refused to make him a reasonable allowance therefor.

THIS was a petition, originally presented to the court of common pleas, in which the petitioner represented that he was under-keeper of the jail and house of correction in the county of Hampden, and was, as such, entitled to be allowed, by the county commissioners, the sum of $2737·99, (according to an account annexed to his petition,) for his services, and the support of the prisoners under his charge, and other necessary expenses, from May 1st 1845 to May 1st 1846 ; that said commissioners had allowed him the sum of $699·60, and had refused to allow him any more ; and that he was dissatisfied with the amount so allowed him.   He therefore prayed said court, according to the provisions of *St.* 1846, *c.* 11, to make him such allowance as should be reasonable.

The county commissioners appeared before the court of common pleas, held by *Washburn*, J. and filed a motion to dismiss the petition, on the ground that the said court had no jurisdiction of the case ; but this motion was overruled.

The petitioner filed, as the specification of his claims, four accounts.   Two of them were made by him as deputy jailer, and two as master of the house of correction.   There was no controversy as to the correctness of the items charged in these accounts, except as to the price per week for board, or for the petitioner's salary.   The respondents denied the petitioner's right to any allowance on his petition, because the jail and house of correction were united in one and the same building.   But as it appeared that they were thus united before the passing of the act of 1846, *c.* 11, this objection to the petitioner's claim was overruled.

The respondents further objected to the petitioner's having any allowance subsequent to the 12th of November 1845, until the aforesaid statute of 1846 went into operation, viz

the 5th of March 1846 ; because the petitioner, on said 12th of November, was removed from his office of master of the house of correction. So far as this was a question of fact, the judge was satisfied that the county commissioners, before said 12th of November, appointed one Spelman master of the house of correction, which appointment was to take effect on that day ; that the commissioners, on that day, went, with Spelman, to the house of correction, for the purpose of putting him in charge of the house, and that they informed the petitioner of Spelman's appointment, and demanded the keys of the house ; that the petitioner, being deputy jailer, and the jail and house of correction being in one building, refused to deliver up the keys, without the sheriff's direction ; and that Spelman and the commissioners thereupon went away, and the petitioner continued to act as master of the house of correction and deputy jailer, up to the date of his petition. The judge, therefore, so far overruled the objection, as to hear the evidence as to what would be a fair price for the board, &c. of the prisoners confined under the charge of the petitioner.

The judge disallowed all charges made by the petitioner as deputy jailer, on the ground that the court had no cognizance thereof, under the petition. The judge also disallowed all items of claim as master of the house of correction, up to the 12th of November 1845, on the ground that they were not open to revision and adjudication by the court, within the intent of *St.* 1846, *c.* 11. But he was of opinion, upon the foregoing facts, that the petitioner was entitled to compensation, as master of the house of correction, from November 1st 1845 to May 1st 1846, and that he should be allowed the sum of $1·75 per week for the board of the prisoners confined therein during that time, deducting from the aggregate sum the amount allowed and paid to him by the commissioners specifically on his aforesaid account as master of said house. And the amount of the balance was ordered and directed to be paid to the petitioner.

The respondents alleged exceptions to the rulings and orders of the judge.

*Leonard*, for the respondents.

*W. G. Bates & H. Morris*, for the petitionei.

WILDE, J. This was an application to the court of common pleas for the allowance of the applicant's claims against the county for his services and expenses as deputy keeper of the jail and master of the house of correction. A part of these claims was allowed by that court, and to this the inhabitants of the county excepted.

In support of his claim, the applicant relies on *St.* 1846, *c.* 11. By § 1 of this statute, the sheriff shall have the custody, rule and charge of the jail and house of correction, and of all prisoners therein, whenever the house of correction and jail shall be united in one and the same building or establishment, (except in Suffolk county,) and shall keep the same himself, or by his deputy or jailer; and the duties of such keeper are made the same as those of a master of the house of correction. The third section provides that county commissioners "shall make allowance to the said keeper of a reasonable sum for his services, and for the support of the prisoners under his charge, and other necessary expenses ; and in case the said commissioners shall neglect or refuse to make such allowance, or the said keeper shall be dissatisfied with the amount thereof, he may present his petition, showing the facts, to the court of common pleas next to be holden in and for said county, who shall cause notice thereof to be given the chairman of said commissioners, and, after hearing the matter of the petition, may determine the amount of such allowance, and pass such further order in the premises, as law and justice may require."

The respondents objected to the allowance of any charge for services and expenses before the statute took effect, on the ground that no statute ought to be so construed as to have a retrospective operation, unless the language of the statute, to that effect, is unambiguous and clear ; and we think that such is the correct rule of construction of statutes. But we are of opinion that the language of the statute relied on is unambiguous and clear, and was intended to provide a remedy for such

claims as were allowed in this case. These claims were valid charges against the county, and by the Rev. Sts. *c.* 143, § 14, were to be allowed by the county commissioners. The only alteration made by *St.* 1846, *c.* 11, in this respect, was to authorize the court of common pleas to make the allowance, on a petition in the nature of an appeal from the refusal of county commissioners. This, therefore, is not such a retrospective statute as takes away or impairs vested rights ; and it is to be construed, like all other statutes, according to the apparent meaning of the legislature, of which we think there can be no doubt.

The second objection to the allowance of the court is, that the applicant was removed from his office of master of the house of correction, on the 12th day of November 1845, and that he had no right to charge the county for his services, and for the board of the convicts under his charge, after that time. The court so far overruled this objection as to allow him compensation from the 1st of November 1845 to May 1st 1846, as master of the house of correction, for the board of the prisoners therein confined ; and this allowance, according to the facts stated in the exceptions, was rightly made. It there appears, it is true that on the 12th of November 1845, the county commissioners appointed one Spelman to be master of the house of correction, and that on the same day they, with said Spelman, demanded of the petitioner the keys of the house of correction, for the purpose of putting the said Spelman in charge of the house ; and at the same time they informed the petitioner of the said Spelman's appointment. But it also is stated in the exceptions, that at that time the petitioner was the deputy keeper of the jail ; that the jail and the house of correction were united in one building ; and that the petitioner, for that reason, refused to deliver up the keys, without the sheriff's direction. And we think he was justified in so refusing. It does not appear that any application was ever made to the sheriff, or that any subsequent demand of the keys was made of the petitioner ; but it does appear that he continued to act as master of the house of correction

and deputy jailer, up to the time of his petition.   Under these circumstances, we are of opinion that he was not removed from his office, and from the custody of the prisoners, so as to deprive him of his right to the compensation allowed.

*Exceptions overruled.*